57 F.3d 1073
 23 Media L. Rep. 2051
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Gerard SCHAEFER, Plaintiff/Appellant,
v.
Michael NEWTON and Avon Books, Defendants/Appellees.
 No. 94-2821.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 7, 1995.*
Decided June 8, 1995.
 
 Before POSNER, Chief Judge, and PELL and ESCHBACH, Circuit Judges.
 
 ORDER
 
 1
 Gerard Schaefer, a Florida inmate convicted of two murders, brought this action for defamation against an author, Michael Newton, and his publisher, Avon Books (Avon). Jurisdiction arises from the diversity statute, 28 U.S.C. Sec. 1332(a)(1).[1] The district court granted summary judgment for Newton and Avon Books. Schaefer appeals. We affirm.
 
 I. Background
 
 2
 In 1973, Schaefer was arrested for aggravated assault after two women who he had abducted and tied to a tree in a remote section of Florida escaped and contacted the police. Near the site where the women were held, police found a grave containing two bodies, later identified as Susan Carole Place and Georgia Jessup. Schaefer was convicted of murdering both women and was sentenced to life imprisonment. Police investigators found evidence in Schaefer's mother's home that made Schaefer a suspect in other murders. The evidence included jewelry, women's clothing, human teeth, a passport, and manuscripts which detailed ritualistic murders. (App. at 53). The police investigation resulted in several newspaper and magazine articles written about Schaefer, concerning police suspicion of Schaefer in other murders. For example:
 
 
 3
 Jayne Ellison, 6 Dead; 28 May Be: A Trail of Butchered Girls, Palm Beach Post-Times, May 13, 1973, at 1 (reporting Schaefer to be a suspect in a series of murders in South Florida, Virginia, and Iowa). (App. at 61).
 
 
 4
 Two Murders Linked to 26 Lost, Slain, Miami News, May 14, 1973, at 14A (reporting Schaefer to be a suspect in the murders). (App. at 64).
 
 
 5
 Crime: Bluebeard on the Beach, Time, May 28, 1973, at 31 (reporting that Schaefer was under investigation for at least 20 murders after police found incriminating evidence in his mother's house). (App. at 71).
 
 
 6
 Pat Plarski, Killer's Book: Fiction or 'How-To'?, Palm Beach Post, Aug. 14, 1989, at 1 (reporting on the publication of a book by Schaefer and describing him as being a suspect in the deaths of several women in Florida). (App. at 79-79).
 
 
 7
 Michael Newton is an author who wrote Hunting Humans: The Encyclopedia of Serial Killers, (Hunting Humans), which was published by Avon. In this book, there is an entry labelled: "Schaefer, Gerard John." The entry reads as follows:
 
 
 8
 A homicidal ex-policeman from Oakland Park, Florida, dubbed the "Sex Beast" by local newsmen, Schaefer was theoretically linked with the murders of at least 20 persons after the jewelry, teeth, and clothing of several victims were recovered from a trunk in the attic of his mother's home. The public defender's office was unable to prevent Schaefer's conviction and imprisonment on first-degree murder charges, the killer took it in stride. When Schaefer's wife divorced him and became engaged to his defense attorney, he gave the couple his blessing, requesting that the same lawyer continue to handle his case through forthcoming appeals.
 
 
 9
 Hunting Humans, 298 (R. 3 at 7). Schaefer objected to this entry and brought suit for damages and injunctive relief, claiming "plaintiff has never been linked to 20 murders; plaintiff is not a serial killer; plaintiff should not be listed in an encyclopedia of modern serial killers published by the defendants." (R. 3 at 2).
 
 
 10
 Newton and Avon moved for summary judgment, which the district court granted. Schaefer now appeals.
 
 II. Analysis
 A. Preliminary Matters
 
 11
 The parties made cross-motions for summary judgment. Schaefer supported his motion with various documents, which Newton and Avon moved to strike. The district court granted the motion and struck Schaefer's evidence as unauthenticated. See Gustovich v. A.T. & T. Communications, Inc., 972 F.2d 845, 849 (7th Cir.1992) (per curiam) ("When acting on a motion for summary judgment the judge considers only evidence that would be admissible at trial."). The district court's decision is reviewed for an abuse of discretion. Waldridge v. American Hoechst Corp., 24 F.3d 918, 923 (7th Cir.1994).
 
 
 12
 Schaefer concedes that his evidence is unauthenticated, but argues that he should be held to a lower standard because he is an inmate proceeding pro se. Although pro se pleadings are construed liberally, there is no lower standard when it comes to rules of evidence and procedure. Jones v. Phipps, 39 F.3d 158, 163 (7th Cir.1994); Friedel v. City of Madison, 832 F.2d 965, 970 (7th Cir.1987) ("the requirements of Rule 56(e) are set out in mandatory terms...."). Additionally, Newton and Avon complied with Lewis v. Faulkner, 689 F.2d 100, 102 (7th Cir.1982), and gave notice to Schaefer describing their motion for summary judgment, the proper manner for Schaefer to respond to the motion, and the effect of his failure to respond. (R. 39 at 1-3). Schaefer was aware of the procedures regarding motions for summary judgment and he failed to comply with them. The district court was correct in striking his evidence from the record.
 
 B. Defamation
 
 13
 We now turn to the merits of the summary judgment granted to Newton and Avon on Schaefer's claim of defamation. A federal court sitting in diversity must first apply the forum state's choice of law rules to determine which state's substantive law governs the dispute. Healy Co. v. Milwaukee Met. Sewerage Dist., 50 F.3d 476, 478 (7th Cir.1995) (citing Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487 (1941)). In Schaefer's case, the district court, sitting in the southern district of Indiana, determined that the two possible sources of substantive law are Indiana and Florida. Because it determined the defamation law of Indiana and Florida to be the same, the district court applied the law of the forum state, Indiana, and the parties do not dispute this finding. See Jean v. Dugan, 20 F.3d 255, 260 (7th Cir.1995) ("This court has held that before entangling itself in messy conflict of laws a court ought to satisfy itself that there actually is a difference between the relevant laws of the different states."). "Absent some compelling reason of policy, this court will not disturb the district judge's choice of law where neither party objected to that choice in the district court." Vachet v. Central Newspapers, Inc., 816 F.2d 313, 316 n. 3 (7th Cir.1987) (citing International Adm'rs v. Life Ins. Co., 753 F.2d 1373, 1376 (7th Cir.1985)). Accordingly, we apply the substantive law of Indiana to the defamation dispute.
 
 
 14
 The district court's grant of summary judgment is reviewed de novo. Hurst-Roesche Engineers, Inc. v. Commercial Union Ins. Co., No. 94-1605, slip op. at 9 (7th Cir. April 5, 1995).
 
 
 15
 "To maintain an action for defamation, a plaintiff must show a communication with four elements: 1) defamatory imputation; 2) malice; 3) publication; and 4) damages." Schrader v. Eli Lilly & Co., 639 N.E.2d 258, 261 (Ind.1994). Defamatory communications are those which tend to harm a person's reputation by lowering the person in the community's estimation or deterring third persons from dealing or associating with the person. Rambo v. Cohen, 587 N.E.2d 140, 145 (Ind.App.1992). A communication is defamatory per se if it imputes, among other things, criminal or sexual misconduct. Id.
 
 
 16
 Under Indiana law, the malice component "requires the private individual who brings a libel action involving an event of general or public interest to prove that the defamatory falsehood was published with knowledge of its falsity or with reckless disregard of whether it was false." Aafco Heating & Air Cond. Co. v. Northwest Publs. Inc., 162 Ind.App. 671, 679, 321 N.E.2d 580, 586 (1974). This is the same standard of "malice" required for public figures to prosecute defamation claims under New York Times v. Sullivan, 376 U.S. 254 (1964).
 
 
 17
 Newton and Avon contend that they are entitled to summary judgment because the statement about Schaefer is true. Indeed, "[t]ruth is a complete defense to a claim of defamation." Associates Corp. v. Smithley, 621 N.E.2d 1116, 1119 (Ind.App.1993). Because of the requirement of actual malice, it would appear that the burden of showing the falsity of the defamatory statement lies with Schaefer. However, Indiana courts have said that "the defamer bears the burden of proof on this issue of fact, since 'truth' is an affirmative defense to a claim for libel." Elliott v. Roach, 409 N.E.2d 661, 681 (Ind.App.1980). Although the burden of proof for the truth of a statement is in question, see Restatement (Second) of Torts Sec. 613 cmt. j (1977) (New York Times malice "has, as a practical matter, made it necessary for the plaintiff to allege and prove the falsity of the communication, and from a realistic standpoint, has placed the burden of proving falsity on the plaintiff"), classifying the burden as plaintiff's or defendant's does not affect the outcome in this case. Newton and Avon have presented evidence that both rebuts Schaefer's claim of malice and satisfies their burden of proving the truth of the statement.
 
 
 18
 Schaefer resents being labelled a serial killer who was theoretically linked to twenty murders. However, it is undisputed that Schaefer was convicted of two murders. It is also undisputed that it was widely reported that Schaefer was under investigation for the murders, by some accounts, of over thirty women. Additionally, in 1992, Schaefer published a book entitled Killer Fiction, the introduction of which reads: "There is no way to separate the fact that I have been publicly accused of murdering 34 women and that at one time I was regarded as the world's # 1 serial killer." (App. at 29).
 
 
 19
 Whether characterized as a failure of Schaefer to establish a prima facie showing of actual malice or a sufficient showing by Newton and Avon to establish the truth of the entry, the evidence shows that the disputed entry contains a true statement: Schaefer murdered two women and was linked with the murder of over twenty. Newton and Avon, therefore, are entitled to summary judgment. The judgment of the district court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 Schaefer is a citizen of Florida, Newton is a citizen of Indiana, Avon Books is a citizen of a state other than Florida, and the amount in controversy exceeds $50,000