**Andrew LOCKHART, Rick Long, Val Martin, and Richard Zilienski, Plaintiffs,**

v.

**UNITED STATES of America, United States Postal Service, Marvin T. Runyon, Jr., Postmaster General, Gene Mills, Agency Representative, Larry Dauby, P.O.M., Ron E. Akin, O.I.C., Janet Reno, Attorney General of the United States, Sally Leath, EEO Manager, Judy Lucas, EEO, Herman West, Clarence**

---

White, John F. Tarwacki, Steve Couture, Jackie Smith, Robert Barros, Linda Fish, Kathy Means, Fred Patterson, Treva Frank, David Blackburn, Michael Skoczylas, Karen Labuzienski, Sherry McCormick, and John S. Humphrey, Defendants.

No. 3:96–CV–0670 AS.

United States District Court,
N.D. Indiana,
South Bend Division.

April 17, 1997.

Andrew Lockhart, South Bend, IN, Pro Se.

Clifford D. Johnson, Office of the United States Attorney, South Bend, IN, for defendants.

### *MEMORANDUM AND ORDER*

ALLEN SHARP, District Judge.

This cause is before the court pursuant to two separate motions to dismiss filed by the defendants. The first motion to dismiss, filed on December 4, 1996, by all defendants except the United States of America and the Postmaster General, seeks dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. On February 3, 1997, the second motion to dismiss was filed by the United States of America and the Postmaster Gener-

al pursuant to Rules 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure.

## I. FACTUAL AND PROCEDURAL BACKGROUND

From August 1985 until May 1995, the plaintiff, Andrew Lockhart, worked for the United States Postal Service ("Postal Service") branch located in South Bend, Indiana. On or about August 21, 1994, the plaintiff initiated counseling with the United States Equal Employment Opportunity Commission ("EEOC or Agency") and, subsequently on or about November 7, 1994, filed a formal administrative complaint with the EEOC against the Postal Service. In that complaint, Lockhart alleged that the Postal Service had discriminated against him on the basis of his race and for reprisal based upon his prior filings with the EEOC. Specifically, Lockhart complained that the Postal Service's decision to discipline him for alleged insubordination by forcing him to attend anger management seminars and an Employee Assistance Program amounted to employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. About the same time, Lockhart, through his union representative, also filed an administrative grievance against the Postal Service, relating to the Postal Service's filing of a Notice of Removal.

On or about May 22, 1995, the Agency dismissed Lockhart's administrative complaint, finding that the complaint failed to state a claim and that the claims raised were moot. The Agency also referred to the "Notice of Proposed Removal" issued to Lockhart by the Postal Service on August 17, 1994, and the settlement agreement entered into by Lockhart and the Postal Service with regard to the union grievance filed in response to the notice of removal. This agreement, in part, set forth the following: (1) that the charge of insubordination be removed from Lockhart's personnel record; (2) that Lockhart enroll in, and complete, an Anger Management Program; (3) that upon completion of said Anger Management Program, Lockhart would attend monthly follow-up appointments with administrators of the Program; and (4) that the "Notice of Proposed Removal," issued on August 17, 1994, be rescinded.

Pursuant to the agreement, the "Notice of Proposed Removal" was rescinded by the Postal Service and Lockhart did, in fact, enroll in and complete the Anger Management Program. The Agency, thus, concluded that Lockhart, by signing the settlement agreement, waived his right to process the claims raised in his EEOC complaint. As a result, the complaint was dismissed. Lockhart appealed the dismissal of his complaint, questioning the untimeliness of the Agency's final decision.

On June 19, 1996, Mr. Ronnie Blumenthal, Director of the Office of Federal Operations for the EEOC, affirmed the Agency's decision to dismiss the complaint as to Lockhart's Title VII claim. Thus, Lockhart was provided with his right to sue letter on that date.

On September 9, 1996, after receiving his right to sue letter, Lockhart filed a pro se complaint in this court, alleging employment discrimination during the 10–year period he was employed by the United States Postal Service. In his original complaint, Mr. Lockhart states that he was terminated from his employment with the United States Postal Service due to his race, his color and his sex under Title VII of the Civil Rights Act of 1964. In addition, Mr. Lockhart asserts claims of "Emotional Injury and Money Damage" under the Federal Tort Claims Act ("FTCA") and a claim under the Rehabilitation Act, 29 U.S.C. § 794, et seq. See Plaintiff's Original Complaint, ¶ 9. Lockhart has named the United States of America, the Postmaster General–Marvin Runyon–and numerous Postal Service employees as defendants in this action.

On November 18, 1996, the plaintiff filed an amended complaint, in which he sought to add other individuals as plaintiffs on whose behalf he seeks relief. Further, he has requested that this case be considered as a class action suit.[1] In addition to adding

---

1. It must be noted that these additional plaintiffs have not signed the complaint in this cause. In

addition, after carefully reviewing the record, the court finds no basis upon which to find that

plaintiffs, Lockhart also added Mr. John S. Humphrey as a defendant and raised an additional claim under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.* ("ADEA").

The United States Attorney in this district was served with a copy of the original and amended complaints on December 2, 1996. Subsequently, a motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure was filed by the numerous Postal Service employee defendants ("Employee Defendants"), demonstrating the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir.1982). In this motion, the Employee Defendants argue that they are not proper defendants for the plaintiff's claims under the FTCA, Title VII, the Rehabilitation Act or the ADEA. They contend that the only appropriate defendant for the FTCA claims is the United States of America. As for the claims under Title VII, the Rehabilitation Act and the ADEA, the Employee Defendants assert that the only proper defendant is the head of the federal agency in which the plaintiff was employed—in this case, the United States Postmaster General, Marvin Runyon. Thus, the Employee Defendants submit that the plaintiff's complaint fails to state a claim for relief against them and, thus, all claims against them should be dismissed. The defendant filed a response to the Employee Defendants' motion to dismiss on December 13, 1996, to which the Employee Defendants replied on December 18, 1996.

On February 3, 1997, the remaining defendants-the United States of America and the Postmaster General ("Federal Defendants")—filed their own motion to dismiss the complaint pursuant to Rules 12(b)(1)and 12(b)(6) of the Federal Rules of Civil Procedure.[2] Under Rule 12(b)(1), the defendants argue that this court lacks subject matter jurisdiction over any claim under the FTCA because the plaintiff has failed to establish that he has complied with the administrative

steps required by the FTCA. Further, the defendants submit that this court lacks subject matter jurisdiction over the plaintiff's claim under the Rehabilitation Act because the plaintiff failed to exhaust said claim in his administrative complaint filed with the EEOC. As for the plaintiff's claims against the Postmaster General under the ADEA and Title VII, the defendants argue that the plaintiff knowingly and voluntarily waived said claims in his settlement agreement with the Postal Service on his administrative grievance. Thus, the Federal Defendants submit that said claims fail to state a claim for relief under FED. R. CIV. P. 12(b)(6). The plaintiff responded to the second motion to dismiss on February 10, 1997, to which no reply was filed.

## II. STANDARDS OF REVIEW FOR MOTION TO DISMISS

The defendants in this action move for dismissal pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. For the most part, motions under Rules 12(b)(1) and 12(b)(6) are governed by separate and distinct standards, although the standards may overlap in some basic respects and in particular circumstances. *See Malak v. Associated Physicians, Inc.*, 784 F.2d 277, 279–80 (7th Cir.1986); 5A Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1350, pp. 196, 213–39 & 1995 Supp. p. 77 (2d ed.1990). Thus, the court will address the standards separately.

### A. RULE 12(B)(1) STANDARDS

The Federal Defendants claim that this Court lacks subject matter jurisdiction over the plaintiff's FTCA and Rehabilitation Act claims and, thus, request that those claims be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. The standard of review for a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction depends upon the purpose of the motion.

---

certification of this cause as a class action is warranted. *See* Fed.R.Civ.P. 23. Therefore, the court now dismisses the additional plaintiffs—Rick Long, Val Martin and Richard Zilienski—as plaintiffs in this action, and denies the plaintiff's motion for class certification under Rule 23.

2. It must be noted that the Federal Defendants' motion to dismiss the complaint also demonstrated the necessary compliance with *Lewis v. Faulkner, supra.*

*See Freiburger v. Emery Air Charter, Inc.,* 795 F.Supp. 253, 256 (N.D.Ill.1992); 5A Wright & Miller, FEDERAL PRACTICE & PROCEDURE: Civil.2d § 1363 at 456 (2d ed.1990). In ruling on a motion under Rule 12(b)(1), if the motion simply challenges the sufficiency of the allegations of subject matter jurisdiction, the district court must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff. *See Ezekiel v. Michel,* 66 F.3d 894, 897 (7th Cir.1995); *Capitol Leasing Co. v. F.D.I.C.,* 999 F.2d 188, 191(7th Cir.1993).

However, when presented with a factual attack to jurisdiction, "[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Capitol Leasing,* 999 F.2d at 191.[3] Finally, where the court's jurisdiction has been controverted, "the party invoking jurisdiction has the burden of supporting the allegations of jurisdictional facts by competent proof." *Grafon Corp. v. Hausermann,* 602 F.2d 781, 783 (7th Cir.1979). Thus, in this case, the court must determine whether proper subject matter jurisdiction exists for the plaintiff's FTCA and Rehabilitation Act claims.

### B. RULE 12(B)(6) STANDARDS

Both the Employee and Federal Defendants have moved this court to dismiss the plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Rule 12(b)(6) authorizes the dismissal of complaints which state,no actionable claim. In deciding a Rule 12(b)(6) motion, the court is required to take the complaint's factual allegations as true and must view them in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Brown v. City of Lake Geneva,* 919 F.2d 1299, 1300 (7th Cir.1990). Dismissal is appropriate if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Hishon v. King & Spalding,* 467 U.S. 69, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). In reviewing the pleadings of *pro se* litigants (such as the plaintiff here), the court must apply a less stringent standard than that applied to formal pleadings drafted by lawyers. *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972).

Even under the notice pleading permitted by the Federal Rules of Civil Procedure and the liberal interpretation given to *pro se* pleadings under *Haines,* however, a complaint must include allegations respecting all material elements of all claims asserted— bare legal conclusions attached to narrated facts will not suffice. *Strauss v. City of Chicago,* 760 F.2d 765, 768 (7th Cir.1985); *Sutliff Inc. v. Donovan Companies, Inc.,* 727 F.2d 648, 654 (7th Cir.1984). Moreover, the court need not accept legal conclusions alleged in the complaint. *Vaden v. Village of Maywood,* 809 F.2d 361 (7th Cir.), *cert. denied,* 482 U.S. 908, 107 S.Ct. 2489, 96 L.Ed.2d 381 (1987). In the interests of clarity, the court will address the motions to dismiss of the Employee and Federal Defendants separately.

### III. EMPLOYEE DEFENDANTS' MOTION TO DISMISS

The Employee Defendants filed their motion to dismiss the complaint on December 4, 1996. In this motion, the Employee Defendants argue that the only proper defendant in a suit under the FTCA is the United States of America, not a federal agency or individual employees. With regard to the plaintiff's claims under Title VII, the ADEA and the Rehabilitation Act, the Employee Defendants claim that the Postmaster General is the only proper defendant. Thus, the Employee Defendants submit that the plaintiff's complaint fails to state a claim for relief against them and should be dismissed.

The plaintiff responded to the defendants' motion on December 23, 1996. In this response, the plaintiff argues that the Employee Defendants are necessary parties to this cause under Rule 19 of the Federal Rules of Civil Procedure. In addition, the plaintiff

---

**3.** An exception to this rule, not applicable here, exists when the facts required to establish jurisdiction are coextensive with those necessary to prevail on the merits. *Peckmann v. Thompson,* 966 F.2d 295, 297 (7th Cir.1992).

asserts that misjoinder of parties in not a ground for dismissal. Thus, the plaintiff requests that the Employee Defendants not be dismissed from this action.

■ The court will first address the defendants' arguments with regard to the plaintiff's tort claims under the FTCA. The plaintiff alleges that the Employee Defendants are necessary parties to his claims under the FTCA, see 28 U.S.C. §§ 1346(b), 2671–2680. The FTCA is the exclusive jurisdictional basis for tort claims against the United States or agents of the United States. *See* 28 U.S.C. § 2679. As the defendants correctly argue, it is well settled that the FTCA permits suits only against the United States itself, not against its agencies or individual employees. *See* 28 U.S.C. §§ 2679(a), (b)(1); *see also Ezekiel v. Michel,* 66 F.3d 894, 895 (7th Cir.1995); *Hughes v. United States,* 701 F.2d 56, 58 (7th Cir.1982). Thus, it is this court's opinion that the plaintiff's claims under the FTCA against the Employee Defendants fail to state a claim for relief and must be dismissed.

■ The Employee Defendants also argue that the plaintiff has improperly named them as defendants on his Title VII, ADEA and Rehabilitation Act claims. Under Title VII, it is clear that the head of a federal department or agency is the only appropriate defendant in a Title VII action brought by a current or former federal employee. *See* 42 U.S.C. § 2000e–16(c) (stating that in employment discrimination suit against federal government, "the head of the department, agency, or unit, as appropriate, shall be the defendant"). The Seventh Circuit has specifically held that in a Title VII suit by a postal service employee against the United States Postal Service, it is well settled that the only proper defendant is the head of the Postal Service-the Postmaster General. Thus, on the plaintiff's Title VII claim, the only appropriate defendant is the Postmaster General, Marvin Runyon, in his official capacity. Accordingly, the plaintiff's Title VII claim, as it relates to the Employee Defendants, must be dismissed.

The remaining ADEA and Rehabilitation Act claims against the Employee Defendants also fail with regard to the Employee Defen-

dants. Although the ADEA and the Rehabilitation Act do not specify who must be named as a proper party defendant, it is well settled that, in an employment discrimination case, both the ADEA and the Rehabilitation Act borrow Title VII's procedures and remedies. *Hamm v. Runyon,* 51 F.3d 721, 722 n. 1 (7th Cir.1995) (holding that since § 505(a)(1) of Rehabilitation Act borrows procedures and remedies of Title VII, exclusive remedy for claim that federal agency discriminated against disabled employee is solely against agency's head); *Ellis,* 784 F.2d at 837 (finding that Postmaster General was only applicable defendant to ADEA suit by former United States Postal Service employee against the Postal Service). Thus, following Title VII's procedures, the Postmaster General is also the only proper defendant on the plaintiff's ADEA and Rehabilitation Act claims. Accordingly, the court finds that the Employee Defendants' motion to dismiss the complaint must be granted since these defendants are not proper defendants to any of the claims raised by the plaintiff in his complaint.

## IV. FEDERAL DEFENDANTS' MOTION TO DISMISS

The Federal Defendants—the United States of America and the Postmaster General, Marvin Runyon—also filed a motion to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Specifically, the United States of America asserts that the plaintiff's FTCA claims should be dismissed because of a lack of subject matter jurisdiction. Defendant Runyon, the Postmaster General, moves that all claims against him in his official capacity should be dismissed because this court lacks subject matter jurisdiction over the Rehabilitation Act claim and, on the Title VII and ADEA claims, because the complaint fails to state a claim upon which relief can be granted. The court will address the defendants' arguments as they relate to each claim raised by the plaintiff.

### A. CLAIMS UNDER THE FEDERAL TORT CLAIMS ACT

In his complaint, Lockhart raises claims against the United States of America under

the Federal Tort Claims Act. As the Government admits in its motion, the FTCA represents a limited waiver of the United States' immunity from suit permitting a district court to exercise subject matter jurisdiction over claims for money damages based upon alleged tortious actions by federal employees. However, before a plaintiff may seek damages from the United States of America under the FTCA, the plaintiff must first present the claim to the appropriate federal agency and his claim must have been finally denied by the agency in writing. *See* 28 U.S.C. § 2675.

■ In this case, there is no evidence that the plaintiff ever presented his tort claims to the United States Postal Service in the first instance. On administrative review of his Title VII claim, it appears that the only other ground raised was the plaintiff's ADEA claim. Therefore, it is this court's opinion that the plaintiff has failed to administratively exhaust his FTCA claims. *See McAfee v. 5th Circuit Judges,* 884 F.2d 221, 223 (5th Cir.1989) (holding that some form of exhaustion of administrative relief is required before FTCA claim may be filed in federal court). As a result, because the plaintiff has not exhausted his FTCA claims, this court does not have subject matter jurisdiction over said claims. Thus, the plaintiff's FTCA claims must be dismissed.

### B. REHABILITATION ACT CLAIM

The plaintiff also raises a claim under the Rehabilitation Act, 29 U.S.C. § 791 *et seq.* Specifically, it appears that the plaintiff claims that the Postmaster General has violated his rights under section 504 of the Rehabilitation Act, which states:

> No otherwise qualified handicapped individual in the United States, ... shall, solely by reason of his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance....

29 U.S.C. § 794.

However, before a plaintiff may raise a claim under the Rehabilitation Act in federal court, the plaintiff must exhaust his available administrative remedies. Section 794a provides that the "remedies, procedures, and rights" in Title VII "shall be available" to any federal employee or job applicant complaining of discrimination against the handicapped. "In the case of discrimination by a federal agency, including the Postal Service, those remedies include any remedies available within the agency that the complainant must pursue before the alleged discrimination becomes final agency action, and he not only may but must exhaust those remedies before he can bring suit." *McGuinness v. United States Postal Service,* 744 F.2d 1318, 1320 (7th Cir.1984) (citing *Brown v. General Services Administration,* 425 U.S. 820, 832, 96 S.Ct. 1961, 1967–68, 48 L.Ed.2d 402 (1976); citations omitted, emphasis supplied).

According to the record in this case, there is no evidence that the plaintiff ever presented his Rehabilitation Act claims to the Postal Service as required by *McGuinness.* Rather, it appears that the only grounds the plaintiff raised in his administrative complaint were his challenges under Title VII and, arguably, the ADEA. Therefore, because the plaintiff failed to exhaust the available administrative remedies on his Rehabilitation Act claim, this court lacks subject matter jurisdiction over that claim. Thus, the plaintiff's Rehabilitation Act claim also must be dismissed under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

### C. CLAIMS UNDER TITLE VII AND THE AGE DISCRIMINATION IN EMPLOYMENT ACT

■ The plaintiff's sole remaining claims arise under Title VII of the Civil Rights Act of 1963 and the Age Discrimination in Employment Act of 1967. In his motion to dismiss, the Postmaster General argues that the plaintiff's Title VII and ADEA claims were waived during review of his administrative union grievance when the plaintiff entered into a settlement agreement with the Postal Service, releasing all claims with regard to the alleged discrimination. Thus, the defendant submits that the plaintiff bargained away his discrimination claims by entering into the settlement agreement.

The settlement agreement on the union grievance at issue was summarized by the EEOC in its decision entered June 19, 1996:

As a final and complete settlement of the subject grievance and a final and binding settlement of all appeals in all forums, including EEO, filed as a result of these incidents ..., the following is a final and binding settlement of charges and any actions or appeals filed as a result of these incidents:

(1) The charge of insubordination be removed.

(2) The grievant ... enroll and complete the Anger Management Program to be given ... at the grievant's expense....

(4) Upon completion of the Anger Program, grievant will follow-up with monthly LAP visits until at least December 12, 1995.

(5) The Notice of Proposed removal issued to grievant on August 17, 1994 is rescinded. It is agreed by the undersigned parties that if grievant does not successfully complete the Anger Management Program, a Fourteen day (two weeks) suspension will be served as a non-working suspension which will start within ten days of notification of withdraw or abandonment of the program....

*See* Plaintiff's Complaint, EEOC Decision at 2.

According to the EEOC Decision, the Postal Service's Notice of Proposed Removal was rescinded, and Lockhart did enroll in, and complete, the Anger Management Program. Thus, it appears that the Agreement was adhered to by all parties. As a result, according to the Agreement, it appears that the settlement was intended to serve as a waiver of any future claims by the plaintiff resulting from the alleged discrimination.

▮ Thus, the issue for this court becomes whether a plaintiff may affirmatively waive his right of suit on a discrimination charge under Title VII and the ADEA. It is clear in the Seventh Circuit that employees may waive their federal Title VII and ADEA rights in private settlements with their employers, provided that their consent to the

release is both knowing and voluntary. *Wagner v. The NutraSweet Co.,* 95 F.3d 527, 532 (7th Cir.1996) (Title VII); *Pierce v. Atchison, Topeka & Santa Fe Railway Co.,* 65 F.3d 562, 570 (7th Cir.1995) (ADEA). In determining whether an employee consented to the release of claims knowingly and voluntarily, this court must examine the "totality of circumstances" surrounding the settlement agreement. *Pierce,* 65 F.3d at 571.

In this case, the plaintiff commenced his EEO action contemporaneously with his filing of a union grievance with regard to the Postal Service's proposed notice of removal. Subsequently, he entered into the settlement agreement with the postal service on the grievance. According to the EEOC Decision, the plaintiff was represented by a union representative on the administrative grievance. Further, both the plaintiff and the union representative signed the settlement agreement that released his claims. Thus, based upon the totality of the circumstances surrounding the settlement agreement, it is this court's opinion that the plaintiff knowingly and voluntarily entered into the settlement agreement with the Postal Service. As a result, under *Pierce and Wagner,* the court finds that the plaintiff has waived his Title VII and ADEA claims presented in this complaint, and the Title VII and ADEA claims must be dismissed.

## V.  CONCLUSION

For the foregoing reasons, the court finds that the plaintiff has failed to state a claim upon which relief can be granted in this case. As a result, the court now **GRANTS** the Employee Defendants' motion to dismiss the complaint, filed December 4, 1996, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and **GRANTS** the Federal Defendants' motion to dismiss the complaint, filed February 3, 1997, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Each party shall bear its own costs and the clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**